# United States Court of Federal Claims

No. 98-419 L
April 3, 2014
(UNPUBLISHED)

---

**RESOURCE INVESTMENTS, INC. and LAND RECOVERY, INC.,**

***Plaintiffs*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

---

Fifth Amendment Takings; 28 U.S.C. § 1500; RCFC 12(b)(1), Subject Matter Jurisdiction

*Daniel D. Syrdal*, Orrick, Herrington & Sutcliffe, LLP, Seattle, WA, for plaintiffs.

*Frank J. Singer*, Environment & Natural Resources Division, Natural Resources Section, United States Department of Justice, Washington, DC, for defendant.

## OPINION *and* ORDER

**Block, *Judge*.**

On Feb. 5, 2014, this court issued an opinion granting defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1500, bringing to conclusion litigation that has been ongoing in the Court of Federal Claims ("CFC") since 1998. *Res. Investments, Inc. v. United States*, 114 Fed. Cl. 639 (2014). In that opinion, the court found that the operative facts in plaintiffs' original Court of Federal Claims complaint—in particular, the decision of the U.S. Corps of Engineers ("Corps") to deny plaintiffs' permit application[1]—were substantially the same as those in Counts III and IV of plaintiffs' district court complaint, which was filed on Oct. 31, 1996. *Id*. at 648-50.

Plaintiffs' appeal in the district court litigation was still pending when plaintiffs filed the original CFC complaint, on May 4, 1998.[2] Accordingly, the court held that it had no choice but to dismiss the case pursuant to 28 U.S.C. § 1500, which prohibits the court from entertaining

---

[1] The facts of this case are set forth in *Res. Investments, Inc*., 114 Fed. Cl. at 644-46.

[2] Plaintiffs also filed an amended complaint on Oct. 13, 2005, nearly seven years after the district court litigation had been concluded. Nevertheless, for the purposes of § 1500, the court held that its "jurisdiction over a case depends on the factual circumstances alleged at the time its jurisdiction was [initially] invoked." *Res. Investments, Inc*., 114 Fed. Cl. at 652-53 (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)).

"any claim for or in respect to which" a plaintiff "has pending in any other court any suit or process against the United States . . . ." *Id*. at 644,  *See United States v. Tohono O'Odham Nation*, 131 S.Ct. 1723, 1731 (holding § 1500 is implicated if a claim shares "substantially the same operative facts" with claims in a suit pending before another court, regardless of whether the suits seek the same relief).

Before the court now is plaintiffs' motion for reconsideration pursuant to RCFC Rules 59 and 60, which plaintiffs timely filed on March 3, 2014.

# I. APPLICABLE LEGAL STANDARD

The standard for motions for reconsideration of final judgments is determined by RCFC 59(a) and 60.  RCFC Rule 59(a) provides the following:

> (1) Grounds for New Trial or Reconsideration. The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues--and to any party--as follows:
>
> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
>
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
>
> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC Rule 60(b), in turn defines "[g]rounds for relief from a final judgment, order, or proceeding."  According to this rule, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

RCFC Rule 60(b).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990). Such a motion shall only be granted if the movant makes a showing of "extraordinary circumstances." *Fru–Con Constr. Corp. v. United States,* 44 Fed. Cl. at 300 (citing *Bally Exp. Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir. 1986). "This showing, under RCFC 59, must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Fru–Con Constr. Corp. v. United States,* 44 Fed.Cl. at 300 (internal citations omitted). In the context of a motion for reconsideration, the term "manifest" means "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002). The court "will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the [c]ourt." *Id*. (quoting *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993)). Moreover, on a motion for reconsideration, a court cannot entertain "an issue [raised] for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006).

## II. DISCUSSION

Plaintiffs first contend that the district court and original CFC complaints were not based on substantially the same operative facts because, plaintiffs argue, the denial of the permit was not material to the resolution of the legal claims at issue, but merely "the impetus" for bringing these claims. According to plaintiffs, to show that defendant violated NEPA and its own regulations (Count III of the district court complaint), plaintiffs merely needed to show "that NEPA and [the Corps'] own regulations required preparation of an [Environmental Impact Statement ("EIS")] because the Corps found that the proposed action contained potentially significant environmental impacts." Pl.'s Mot. Reconsideration ("Pl.'s Mot.) at 10.

The court finds that this argument fails to meet the "extraordinary circumstances" standard discussed above, which allows the court to reconsider its opinion in light of newly discovered evidence, fraud by one of the parties, clerical error, etc., but does not permit the relitigation of issues that have already been addressed by the court. *See*, *e.g.*, RCFC 60(b).

Moreover, this argument is also wrong on the merits, for in the district court complaint, plaintiffs characterized the denial of the permit as essential to Count III. Plaintiffs stated, "[*i*]*n denying the permit* application without completing an EIS, the Corps violated its own regulations, the CEQ regulations and NEPA. The Corps is not legally permitted to decide in the middle of an EIS process that it feels it has heard enough information about environmental consequences without completing its NEPA process." Pl.'s Dist. Ct. Compl. ¶ 187. [3] In other words, by denying the permit, the Corps interrupted the EIS process, thus violating NEPA and applicable Corps regulations. The denial of the permit is accordingly material—"but for the denial of the permit, plaintiffs could not have alleged a NEPA violation." *Res. Investments, Inc.*, 114 Fed. Cl. at 650.

Plaintiffs also assert that this court erred in finding that the operative facts in the CFC complaint—namely, the Corps' denial of the permit—were substantially the same as those in Count IV of the district court complaint. Plaintiffs now argue that the only material facts for

---

[3] Pl.'s Dist. Ct. Compl. is included as Ex. 1 of Def.'s Mot. Dismiss, ECF No. 234.

Count IV were (1) the reasonableness of the Corps' findings that long hauling, (2) using land at Horn Creek for waste disposal were practical alternatives, (3) disregarding Washington State and local permit certifications, and (4) refusing to elevate the decision on the permit application to a higher level. Pl.'s Mot. at 6.

Nevertheless, as this court found, it would be artificial to separate the Corps' actions leading up to the denial of the permit from the Corps' final decision to deny the permit. *Res. Investments, Inc*., 114 Fed. Cl. at 650 (holding that "the facts *underlying the Corps' decision to deny the permit* were material to plaintiffs' claim that the Corps violated applicable regulations because the denial of the permit was the culmination of a series of allegedly improper acts taken by the Corps.") (emphasis added). Indeed, the tenor of Count IV of the district court complaint, Pl.'s Dist. Ct. Compl. ¶¶ 318-65, is that the Corps had prematurely decided to deny the permit and was constantly creating impediments to consideration and approval of the permit in the hope that plaintiffs would abandon their effort to obtain the permit. In particular, plaintiffs asserted that the Corps' findings regarding long hauling, the use of Horn Creek, disregarding state and local permit certifications, together with a constant stream of delays prove that "denying [the permit] was . . . unlawful, arbitrary and capricious, and the *preordained result* of the Corps' *systematic bias, prejudgment and bad faith*." Pl.'s Dist. Ct. Compl. ¶¶ 318-20 (emphasis added). Moreover, plaintiffs' restrictive approach is also contrary Supreme Court's command that § 1500 be read broadly to prevent it from "be[ing] rendered useless by a narrow concept of identity." *Res. Investments, Inc*., 114 Fed. Cl. at 653 (quoting *Tohono O'Odham*, 131 S.Ct. at 1728).

Plaintiffs next argue that the court erred in failing to give due regard to the word "substantially." As explained above, the Supreme Court in *Tohono* held that 28 U.S.C. § 1500 deprives this court of jurisdiction over a claim filed before this court if that claim shares "*substantially* the same operative facts" as any other claim pending before another court. 131 S.Ct. at 1731 (emphasis added). "To qualify as 'substantially the same,' the legally operative facts for one cause of action must be operative *and* dispositive to the other." Pl.'s Mot. at 17 (quoting *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1170 (Fed. Cir. 2011)). According to plaintiffs, even assuming that the denial of the permit is an operative fact in Counts III and IV of the district court complaint, "jurisdiction would still lie at the CFC because the operative facts are not substantially similar." *Id*. at 18. In an attempt to show that the denial of the permit is not significant, plaintiffs also offer a graphical representation of the elements required to state a claim for Counts III and IV. *Id*. at 19-20.

The court finds that plaintiffs never raised this issue as an independent argument prior to this motion but simply argued that the "substantially the same operative facts" requirement as a whole is not met unless the facts are virtually identical." Pl.'s Mot. Dismiss at 5-8; *c.f.* Pl.'s Mot. at 13 (providing, for the first time, a dictionary definition of the word "substantial"). Since this is a new argument, the court cannot consider it here. *See Matthews*, 73 Fed. Cl. at 526.

In any event, the court effectively addressed this argument by holding that "two claims arise from substantially the same operative facts if the facts material to supporting a claim in one complaint are also necessary to support a claim in another complaint," and by observing that *Tohono* expressly prohibits the court from strictly construing Section 1500. *Res. Investments, Inc*., 114 Fed. Cl. at 648. The court also found that the denial of the permit was in fact not only operative but also dispositive—as the court pointed out, but for the denial of the permit, plaintiffs would not have been able to argue these claims. *Id*. at 650.

Finally, plaintiffs argue that the operative complaint in this court for the purpose of § 1500 was plaintiff's second amended complaint, which was filed after litigation before the district court had been finally resolved. As plaintiffs point out, the claims in the amended complaint did not become operative until the Court of Appeals had reversed the district court's opinion and ruled in plaintiffs' favor. Pl.'s Mot. at 24-25. Accordingly, plaintiffs conclude that the district court action was not "pending" for purposes of § 1500, and that § 1500 is inapplicable.

As stated in this court's opinion, the general rule is that amended complaints related back to the filing date of the original complaint. *Res. Investments, Inc*., 114 Fed. Cl. at 652. However, plaintiffs argue that the amended complaint should be characterized as a supplemental complaint. Pursuant to RCFC Rule 15(d), the court "may permit supplementation even though the original pleading is defective in stating a claim or defense" if the supplemental pleading "set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Yet again, this argument fails to meet the high threshold for prevailing on a motion for reconsideration. As to the merits of the argument, plaintiffs' argument is in vain because "a supplemental complaint can only cure a jurisdictional defect if a plaintiff fails to meet some statutory prerequisite to filing, such as a statute's exhaustion requirements." *Id*. at 652 (citing *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1365–66 (Fed. Cir. 2012)).

In *Central Pines*, the Court of Appeals of the Federal Circuit held that this exception is unavailable "if a statute contains an express prohibition against filing suit," and according to the court, § 1500 contains such an express prohibition. *Cent. Pines*, 697 F.3d at 1366. *See Res. Investments, Inc.*, 114 Fed. Cl. at 652-53. Plaintiffs argue that the precedent in *Central Pines* does not apply because in this case, plaintiffs do not have the option to "dismiss and refile to avoid § 1500." Pl.'s Mot. at 25. However, the Federal Circuit's opinion in *Central Pines* did not rest on plaintiffs' ability to dismiss and refile, but on the nature of § 1500 as an express prohibition against filing suit.

## III. CONCLUSION

For the foregoing reasons, plaintiffs' MOTION for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

s/ Lawrence J. Block

Lawrence J. Block
Judge